FILED
2018 Mar-16 AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| GLENN KEVIN LANGLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-02037-JEO |
| NANCY BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Glenn Kevin Langley brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying his application supplemental security income ("SSI"). (Doc. 1).[1] The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference. The parties have consented to the jurisdiction of this court for disposition of the matter. (*See* Doc. 8). *See* 28 U.S.C. § 636(c), FED. R. CIV. P. 73(a). Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is due to be affirmed.

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed his current SSI application alleging he became disabled on April 22, 2014. (R. 44, 164). It was initially denied. An administrative law judge ("ALJ") held a video hearing on December 8, 2015 (*Id*.) and issued an unfavorable decision on May 11, 2016 (R. 44-53). Plaintiff submitted his appeal to the Appeals Council. Upon consideration, the Appeals Council found no reason to review the ALJ's decision. (R. 57). Plaintiff's request for review was denied on October 19, 2016. (*Id*.)

## II. FACTS

Plaintiff was 47 years old at the time of the ALJ's decision. He has a seventh grade education and intermittently has worked in the past as a buffer installation person for a marble company and as a self-employed house painter. (R. 7-9). Plaintiff alleges onset of disability due to back and neck pain and depression. (R. 184).

Following a hearing, the ALJ found that Plaintiff had the following medically determinable impairments: cervical degenerative joint disease, peripheral neuropathy, sciatica, hypertension, and major depressive disorder. (R. 46). She also found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed

impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (R. 46). She further found Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) and that he could (1) occasionally operate hand controls and reach overhead bilaterally; (2) occasionally climb ladders or scaffolds and frequently stoop; (3) have no exposure to unprotected heights or hazardous, moving mechanical parts; (4) perform simple tasks with occasional changes to routine; and (5) have frequent contact with supervisors, coworkers, and the public. (R. 48-49). Based on the RFC finding and testimony from a vocational expert ("VE"), the ALJ concluded Plaintiff had no relevant past work history. (R. 52). However, based on his age, limited education, work experience, and RFC, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, such as an assembler, wire worker, and hand packer. (*Id*.) Accordingly, the ALJ determined Plaintiff was not under a disability, as defined in the Social Security Act, since April 22, 2014, through the date of her decision. (R. 53).

### III. STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of the court is to determine whether the Commissioner's decision is supported by substantial evidence and whether proper

legal standards were applied.  *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.*  It is "more than a scintilla, but less than a preponderance."  *Id.*

The court must uphold factual findings that are supported by substantial evidence.  However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied.  *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993).  If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision.  *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for SSI under the Social Security Act, a claimant must show the inability to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Determination of disability under the Social Security Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)(4). Specifically, the Commissioner must determine in sequence:

> whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.

*Evans v. Comm'r of Soc. Sec.*, 551 F. App'x 521, 524 (11th Cir. 2014)[2] (citing 20 C.F.R. § 404.1520(a)(4)). The plaintiff bears the burden of proving that he was disabled within the meaning of the Act. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The applicable "regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform

---

[2]Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

past relevant work." *Id.*

## V. DISCUSSION

Plaintiff argues two grounds of error: (1) the ALJ's decision is not supported by substantial evidence and (2) the ALJ failed to develop a full and fair record. Each argument will be addressed below.

**A.     Substantial Evidence**

Plaintiff argues that the ALJ incorrectly found that his radiographic evidence fails to show abnormalities consistent with his allegations. (Doc. 12 at 8). The Commissioner responds that substantial evidence supports the ALJ's decision. (Doc. 13 at 7-12). The court agrees with the Commissioner.

As noted previously, Plaintiff bears the burden of proving that he is disabled within the meaning of the Act. *See* 20 C.F.R. § 416.912(a) & (c); *Moore*, 405 F.3d at 1211; *Doughty v. Apfel*, 245 F.3d 1274,1278 (11th Cir. 2001). Specifically, Plaintiff is required to produce relevant medical and other evidence he believes will prove his alleged disability resulting from his physical or mental impairments. 20 C.F.R. § 416.912(a)-(b). In analyzing the evidence, the focus is on how an impairment affects Plaintiff's ability to work, and not on the impairment itself. *See* 20 C.F.R. § 404.1545(a), 416.945(a); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (severity of impairments must be measured in terms of their

effect on the ability to work, not from purely medical standards of bodily perfection or normality). "[T]he final responsibility" for determining Plaintiff's RFC is reserved for the Commissioner. *See* 20 C.F.R. § 416.927(e)(2); *see also* 20 C.F.R. § 416.946(c) (at the hearing level, the ALJ is responsible for determining a claimant's RFC).

Plaintiff cites two x-rays in support of his contention that the evidence does show that he had significant abnormalities that support his claim. (Doc. 12 at 8). First, he cites to a June 23, 2014 x-ray of his cervical spine which shows "increased cervical lordosis" and "calcification anteriorly between C5-C6." (Doc. 12 at 8 (citing R. 247)). Second, he cites to a September 2014 report that shows arthritic changes in his cervical spine. (*Id*. (citing R. 258)). To evaluate this evidence it is necessary to place it in context.

Plaintiff testified at the administrative hearing that he has rheumatoid arthritis, peripheral neuropathy, high blood pressure, insomnia, and depression. He reports having constant pain in his back, neck, and shoulders. (R. 11). He further states that his peripheral neuropathy affects all of his extremities. According to Plaintiff, he cannot get down on his knees and get back up; he has poor grip strength; he can only stand for a few minutes before needing to sit down; and he experiences swelling. (R. 11-16). He also states that the pain limits his

7

ability to lift things in front of or above him. (R. 12-15). He also states that he frequently needs to lie down to alleviate his pain. (R. 14). Lastly, Plaintiff states that he spends about five or six days a month in bed because of the pain he experiences. (R. 17).

Plaintiff takes Meloxican for arthritis and Gabapentin for peripheral neuropathy. He takes Flexeril for his back, Trazodone to help him sleep, and Paxil for his depression. (R. 18). He has had suicidal thoughts in the past.³ Plaintiff also states that he does not have a lot of medical records because he does not have healthcare insurance and has only limited resources. (R. 21).

Other medical evidence of record includes examination notes from Dr. Sathyan V. Iyer, a physical consultative examiner, showing that Plaintiff had normal gait, negative straight leg raise testing bilaterally, a full range of motion with the exception of his neck, normal grip strength, and no neurological deficits during a June 2014 examination. (R. 242-43). Dr. Iyer opined that Plaintiff "could" have some impairment in his ability to push, pull, perform overhead activities, and bend, but that he was not limited in his ability to sit, stand, walk, handle, hear, or speak. (R. 243).

Examination notes from Dr. Dallas Wilcox, Jr., in September 2014 show

---

³Plaintiff did not specify the frequency or the recency of the thoughts. (*See* R. 21).

that Plaintiff had an "accident in 1991" and his pain has worsened in the last two years. (R. 257). Plaintiff exhibited a "slightly decreased" range of motion in his neck and "paraspinal muscular tenderness and spasm of the cervical region and into BL trapezius." He displayed no other abnormalities. (R. 257-58). Dr. Wilcox also noted x-ray results showing osteoarthritis changes. (R. 258). Dr. Wilcox saw Plaintiff again in February 2015 when he complained of lower back pain. Dr. Wilcox noted that Plaintiff's pain radiated down his legs at times and his feet hurt "on and off." (R. 261). No other abnormalities were noted. Plaintiff was continued on his medications.[4]

Plaintiff also reported he could perform personal care independently, including that he could cook simple meals, perform light household chores, drive, shop, manage funds, read, and socialize with friends. (R. 50, 197-204, 252).

To the extent Plaintiff appears to be arguing that the ALJ did not consider his x-ray results, the record demonstrates otherwise. The ALJ specifically discussed both x-rays in her decision. (*See* R. 50; *see also* R. 247, 258, 262). The ALJ noted that the June 23, 2014 x-ray revealed only cervical lordosis and calcification between C5-C6. (R. 50). She also noted that the September 2014 x-

---

[4]Examination notes from Dr. Ashley B. Hampton, a psychological consultant examiner, reveal Plaintiff had intact thought processes, judgment, insight, and memory; displayed normal thought content; and denied homicidal or suicidal ideation. (R. 251-52).

ray showed "[n]o fracture [or] dislocation" and only "mild" osteoarthritic changes. (R. 54; *see also* R.258, 262). Thus, the court finds this claim to be without merit.

To the extent Plaintiff asserts the ALJ's decision is not supported by substantial evidence, the court disagrees. Nothing in the record demonstrates that the x-ray reports are inconsistent with the ALJ's finding that Plaintiff could perform light work with the specified limitations. Overall, the record reveals only conservative treatment, including medication. Plaintiff was never referred to a specialist, indicating his impairments were not as severe as alleged. (R. 50, 250). There is no opinion from a treating or examining source that Plaintiff is disabled or has greater limitations than those included in the RFC finding. (R. 48-51). *See Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998) (in concluding that substantial evidence supported the ALJ's decision, the court noted the absence of opined activity restrictions inconsistent with the ALJ's RFC determination).

Plaintiff also argues that the ALJ erred in giving Dr. Iyer's report great weight because it is based on incomplete information due to the fact that the x-ray reports were dated after he examined Plaintiff. (Doc. 12 at 9-10). The Commissioner responds that Plaintiff has offered no evidence explaining how the x-ray findings undermine Dr. Iyer's report. (Doc. 13 at 10, n.8).

As noted above, Dr. Iyer's examination notes reveal Plaintiff had normal

gait, negative straight leg raise testing bilaterally, full range of motion with the exception of his neck, normal grip strength, and no neurological defects. (R. 49-50, 242-43). Dr. Iyer opined that Plaintiff was not limited in his ability to sit, stand, walk, handle items, hear, or speak, but could have an impaired ability to push, pull, perform overhead activities, and bend. (R. 243). The ALJ stated she gave great weight to Dr. Iyer's opinion because it was consistent with the record evidence. (R. 51). Additionally, this opinion is consistent with Dr. Iyer's examination notes, as well as the remainder of the record. It is not undermined by the later x-ray findings.

Plaintiff also argues that the ALJ did not properly consider his impairments in combination. (Doc. 12 at 10). The court disagrees. The ALJ made specific and well-articulated findings as to the effect of the combination of impairments in concluding Plaintiff was not disabled. (*See* R. 46-53 (stating that the ALJ considered Plaintiff's impairments "individually and in combination...")). *See Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) (stating, "It is established that the ALJ must consider the combined effects of a claimant's impairments in determining whether she is disabled."). In so finding, the court notes that " there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the court "to conclude that the

ALJ considered [Plaintiff's] medical condition as a whole." *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). The court finds that the ALJ considered the record as a whole in this case. Accordingly, this claim is without merit.

**B.     Full and Fair Record**

Plaintiff also argues that the ALJ failed in her duty to develop a full and fair record when she did not order a comprehensive neurological examination, an MRI, or an EMG to more fully evaluate Plaintiff's conditions. (Doc. 12 at 10-11). The Commissioner responds that the ALJ developed a full and fair record and Plaintiff has not shown any deficiency demonstrating unfairness or "clear prejudice." (Doc. 13 at 5-7). For the reasons stated below, the court agrees with the Commissioner.

An ALJ has the responsibility for developing a full and fair record. *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985). A plaintiff has the burden of establishing that he is disabled and to produce evidence in support of his claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Before a matter can be remanded to the Commissioner for further proceedings, a plaintiff must demonstrate prejudice. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).

Plaintiff challenges the ALJ's failure to develop the record concerning his

rheumatoid arthritis and peripheral neuropathy.[5] (Doc.12 at 10-11). This claim is without merit for a number of reasons. First, the record does not demonstrate that Plaintiff has a diagnosis of rheumatoid arthritis. To the contrary, as mentioned previously, the medical notes show that he has relatively mild physical findings, including normal gait, negative straight leg raise testing bilaterally, full range of motion with the exception of his neck, normal grip strength, and no neurological deficits. (R. 49-50, 242-43, 257-58). Second, with respect to his peripheral neuropathy, the ALJ discussed the impairment, concluded it was severe, and incorporated postural and environmental limitations in the RFC finding to account for the condition. (R. 46, 48-49). Third, Plaintiff has failed to show why additional evidence was necessary for the ALJ to make an informed decision. (*See* Doc. 12 at 10-11). Consultative examinations may be used to resolve a conflict or ambiguity in the record, if one exists, or to obtain any clinical findings, laboratory tests, diagnoses or prognoses necessary for a decision. *See* 20 C.F.R. § 416.917, 416.919a. An ALJ "is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the [ALJ] to render a decision." *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988)

---

[5]Plaintiff appears to attribute the failure of proof in this case to his "inability to afford these tests or treatment." (Doc. 12 at 11)

(quoting *Ford v. Secretary of Health and Human Services*, 659 F.2d 66, 69 (5th Cir. Unit B Oct. 15, 1981)). Here, the record contains sufficient evidence, including two independent consultative examinations, for the ALJ to have made her decision. Fourth, Plaintiff has not shown that any purported evidentiary gaps resulted in unfairness or "clear prejudice" to him, warranting a remand. *Graham*, 129 F.3d at 1423. The ALJ thoroughly evaluated Plaintiff's medical history and daily activities, and determined that he met the functional requirements for light work with limitations. Plaintiff has failed to demonstrate evidentiary gaps sufficient to warrant a remand. *Id.*, 129 F.3d at 1423.

## VI. CONCLUSION

For the reasons set forth above, the undersigned concludes that the decision of the Commissioner is due to be affirmed. An appropriate order will be entered separately.

**DONE,** this the 16th day of March, 2018.

_____
JOHN E. OTT
Chief United States Magistrate Judge